# Exhibit 1

Exhibit 1



# Notice of Service of Process

**LDD / ALL**
**Transmittal Number: 22358414**
**Date Processed: 11/30/2020**

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers LLC |
| **Title of Action:** | Jacqueline Antunes vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Jacqueline Antunes vs. Lowe's Home Centers, LLC (10698078) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Hartford County Superior Court, CT |
| **Case/Reference No:** | Not shown |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 11/25/2020 |
| **Answer or Appearance Due:** | 12/29/2020 |
| **Originally Served On:** | Lowe's Client Direct |
| **How Served:** | Personal Service |
| **Sender Information:** | James V. Sabatini<br>860-667-0839 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Business Inquiry

## Business Details

| | | | |
|---|---|---|---|
| Business Name: | LOWE'S HOME CENTERS, LLC | Citizenship/State Inc: | Foreign/NC |
| Business ID: | 1123954 | Last Report Filed Year: | 2020 |
| Business Address: | 1000 LOWE'S BLVD., MOORESVILLE, NC, 28117, USA | Business Type: | Foreign Limited Liability Company |
| Mailing Address: | 1000 LOWE'S BLVD, MOORESVILLE, NC, 28117, USA | Business Status: | Active |
| Date Inc/Registration: | Nov 14, 2013 | Name in Place of Formation: | |
| Commence Business Date: | Nov 14, 2013 | | |
| Annual Report Due Date: | 03/31/2021 | | |
| NAICS Code: | Retail Trade (44) | NAICS Sub Code: | Home Centers (444110) |

## Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| BETH R. MACDONALD MANAGER | 1000 LOWE'S BLVD., MOORESVILLE, NC, 28117, USA | 1000 LOWE'S BLVD, MOORESVILLE, NC, 28117, USA |
| AKINJIDE FALAKI MANAGER | 1000 LOWE'S BLVD, MOORESVILLE, NC, 28117, USA | 1000 LOWE'S BLVD, MOORESVILLE, NC, 28117, USA |
| DAVID R. GREEN MANAGER | 1000 LOWE'S BLVD., MOORESVILLE, NC, 28117, USA | 1000 LOWE'S BLVD., MOORESVILLE, NC, 28117, USA |

IMPORTANT: There are more principals for this business that are not shown here.

[View All Principals(6)]

## Agent Summary



| | |
|---|---|
| Agent Name: | CORPORATION SERVICE COMPANY |
| Agent Business Address | 100 PEARL STREET, 17TH FLOOR, MC-CSC1, HARTFORD, CT, 06103 |
| Agent Residence Address | NONE |
| Agent Mailing Address | 100 PEARL STREET, 17TH FLOOR, MC-CSC1, HARTFORD, CT, 06103 |

## OTHER ADDRESSES:

Address in the State of Formation: 1605 CURTIS BRIDGE RD, WILKESBORO, NC, 28697, USA

Mailing Address in the State of Formation: 1000 LOWE'S BLVD, MOORESVILLE, NC, 28117

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| | |
|---|---|
| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>*www.jud.ct.gov*  |

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street; Hartford, CT 06106 | ( 860 ) 548 – 2700 | 12/29/2020 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | ☐ Number: | Hartford | Major: **M**   Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 667 – 0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: ANTUNES, Jacqueline<br>Address: 75 Ellington Avenue; Apartment B; Ellington, CT 06029 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| **First defendant** | Name: LOWE'S HOME CENTERS, LLC; 1000 Lowe's Blvd.; Mooresville, North Carolina 28117<br>Address: Agent: Corporation Service Company; 100 Pearl Street; 17th Floor; MC-CSC1; Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**
1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 11/24/2020 | *James Sabatini* | ☐ Clerk | James V. Sabatini, Esquire |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date<br>*ATTEST COPY*<br>*TIMOTHY BENNETT*<br>*CONNECTICUT STATE MARSHAL*<br>*HARTFORD COUNTY* |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

RETURN DATE:   December 29, 2020

| | | |
|---|---|---|
| **JACQUELINE ANTUNES** | : | **SUPERIOR COURT** |
| VS. | : | **HARTFORD JUDICIAL DISTRICT** |
| **LOWE'S HOME CENTERS, LLC** | : | **NOVEMBER 24, 2020** |

## COMPLAINT

1.  Plaintiff Jacqueline Antunes was and is a Connecticut citizen residing in the Town of Ellington.

2.  Defendant Lowes Home Centers, LLC was and is a limited liability company organized and existing under the laws of the State of North Carolina with its principal place of business located at 1000 Lowe's Blvd., Mooresville, North Carolina 28117.

3.  At all times material, plaintiff was an employee with the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-60(a) et seq.

4.  At all times material, defendant Lowes Home Centers, LLC was and is an employer within the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-60(a) et seq.

5.  Defendant employs 15 or more employees.

6.  Defendant employed plaintiff.

7.  Defendant hired plaintiff on or about March 15, 2019.

8.  Plaintiff's job title was Merchandising Service Associate.

9.  Plaintiff was qualified for the job.

10. Plaintiff worked at defendant's Manchester, Connecticut store.

1

11. Defendant employs Chastity Vega.

12. Vega is a supervisory employee.

13. Vegan supervised plaintiff.

14. Plaintiff performed her job at or above a satisfactory level.

15. Plaintiff is female.

16. Defendant employs Kevin Cole.

17. Cole's job title is Merchandising Service Manager.

18. Cole is a supervisory employee

19. Cole supervised plaintiff.

20. Cole sexually harassed plaintiff.

21. The sex harassment was unwelcomed.

22. The sex harassment was severe or pervasive.

23. Cole frequently talked about and made comments about women's breasts.

24. He talked about the breasts of one of plaintiff's female co-workers.

25. He commented on the breasts of female customers.

26. He showed photos of female celebrities wearing bikinis and made comments about their breasts

27. Cole talked about liking large breasts.

28. He talked about his wife's breasts.

29. Plaintiff told Cole to stop the harassment.

30. Cole did not stop with the sex harassment.

31. Plaintiff reported Cole's sex harassment to other managers at the Manchester store including the store manager.

2

32. Cole did not stop with his sexual harassment

33. Plaintiff reported the sex harassment to defendant's corporate human resources department.

34. Plaintiff delivered a documented report to defendant's corporate human resources in October 2019.

35. Defendant did not allow plaintiff to retain a copy of her written report.

36. Cole's last act of sex harassment took place after October 1, 2019.

37. Defendant employs Jessica Kerpen.

38. Kerpen is a supervisory employee.

39. Kerpen's job title is Merchandising District Manager.

40. Plaintiff reported Cole's sexual harassment to Kerpen.

41. Defendant employs Vejay Chandarpal.

42. Chandarpal is a supervisory employee.

43. Chandarpal's job title was store manager.

44. Plaintiff reported Cole's sexual harassment to Chandarpal.

45. Cole's sexual harassment continued after plaintiff reported the harassment to Kerpen and Chandarpal.

46. Kerpen is social friends with Cole.

47. Defendant employs Anthony Guzman.

48. Guzman is a supervisory employee.

49. Guzman's job title was Merchandising Area Manager.

50. Guzman is social friends with Cole.

3

51. After plaintiff reported sexual harassment to corporate HR, plaintiff was told that she was not a "team player" and "not one of us."

52. Guzman and Kerpen made the not a "team player" and "not one of us" comments.

53. Plaintiff was excluded from certain meetings and conversations after she reported the sex harassment to corporate hr.

54. Plaintiff was ignored at certain meetings and conversations.

55. On or about December 13, 2019, plaintiff resigned from her employment with the defendant.

56. Plaintiff resigned to accept employment with another employer.

57. Due to a business slowdown, plaintiff was laid off from her new employer.

58. Following the lay off, plaintiff sought to be rehired by the defendant.

59. Plaintiff has applied for open positions that she is qualified for at Respondent's store locations in Manchester, Bloomfield, Newington, Torrington, Lisbon, New Haven, Wallingford, Plainville, Plainfield and other locations in Connecticut.

60. Plaintiff has submitted dozens of job applications with the defendant.

61. Plaintiff has not been interviewed, has not been called for an interview, and has not received a response to the vast majority of the applications for job positions at defendant's Connecticut stores within plaintiff's former managers' area/territory.

62. Plaintiff applied for jobs Respondent's Worcester, Massachusetts store and Danbury, Connecticut store and quickly received responses.

63. Both the Danbury store and Worcester store are outside plaintiff's previous managers' area/territory.

4

64. The Worcester store manager told plaintiff that he interviewed her without knowing that his MST Manager already hired someone.

65. Plaintiff contacted Kerpen and Guzman about being rehired.

66. Guzman did not respond.

67. Kerpen emailed plaintiff once stating: "we are currently pursuing other candidates."

68. In May 2020, plaintiff interviewed with defendant's store manager of the New Haven store.

69. The New Haven store manager told plaintiff that he would speak to Jessica Kerpen.

70. Plaintiff did not hear back from the New Haven store manager so she called the store to speak to him and was unable to do so.

71. Plaintiff then received an email from the New Haven store stating that selected a different candidate.

72. Defendant has not re-hired plaintiff in retaliation for reporting sexual harassment.

73. Any and all excuses to be offered by defendant to explain the failure to rehire would be a pretext to mask retaliation.

74. Defendant's failure to re-hire is ongoing.

75. Plaintiff filed her complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about May 19, 2020

76. Plaintiff received a Release of Jurisdiction from the CHRO on September 1, 2020. (Ex.1).

5

## FIRST COUNT
**(Retaliation in Violation of C.G.S. §46a-60(b)(4) et seq.)**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 76 as though fully set forth herein.

77. Defendant, by and through its agents, servants, and/or employees, violated the C.G.S. §46a-60(b)(4) et seq. in one or more of the following ways:

   a. In that defendant retaliated against the plaintiff for reporting and opposing sexual harassment in the workplace;

78. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, loss of employment, wages and employee benefits, and harm to her professional reputation.

79. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

80. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

## SECOND COUNT
**(Hostile Work Environment/Sexual Harassment In Violation of C.G.S. §46a-60(b)(8))**

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

81. Plaintiff was repeatedly subjected to sex harassment by her supervisor. The harassment was severe or pervasive.

82. The harassment was unwelcome.

83. The harassment was based on plaintiff's sex.

84. Plaintiff subjectively, reasonably and objectively perceived her work environment to be hostile.

6

85. Defendant knew or should have known that the plaintiff was being harassed because of her sex and unreasonably failed to stop the sex harassment.

86. As a direct and proximate result of the hostile work environment, plaintiff suffered harms and losses.

87. As a direct and proximate result of defendant's sexual harassment, plaintiff has been deprived of work and equal employment opportunities because of the sex harassment.

88. As a further direct and proximate result of defendant's sexual harassment of the plaintiff, plaintiff has been deprived of income and wages, commissions, bonuses and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

89. As a further result of defendant's sexual harassment, plaintiff has suffered severe humiliation, embarrassment, anxiety, worry, humiliation, degradation, shame, mental anguish, and emotional distress.

90. Plaintiff has suffered and will continue to suffer injuries and losses as a result of the sexual harassment.

## THIRD COUNT
### (Negligent Supervision)

1. Plaintiff repeats the allegations in paragraphs 1 through 90 above as if fully incorporated herein.

91. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that plaintiff's supervisor was sexually harassing employees in the workplace.

92. Defendant, by and through, its officers, directors, supervisors, managers, agents,

and/or employees knew or in the exercise of reasonable care should have known that plaintiff's supervisor was unfit to supervise the plaintiff or any other employee.

93. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that plaintiff's supervisor had engaged in a pattern and practice of sexual harassment.

94. In light of plaintiff's supervisor's history of sexual harassment, defendant knew or the in the exercise of reasonable care should have known that plaintiff's supervisor needed to be closely monitored and supervised at all times.

95. By failing to properly and adequately supervise, monitor, and observe plaintiff's supervisor, by failing to alert or warn others of plaintiff's supervisor's unlawful and inappropriate conduct, and by condoning rather than condemning the inappropriate and unlawful conduct, the defendant failed to protects its employees, including the plaintiff, from the illegal misconduct.

96. Defendant knew or should have known that plaintiff's supervisor was unfit to supervise the plaintiff and that the unfitness was likely to cause the type of harm suffered by the plaintiff.

97. Defendant failed to take action with regards to preventing the sexual harassment being committed by its supervisor.

98. Defendant failed to have proper and adequate workplace policies, rules and practices in place to prevent employees from being subjected to sexual harassment in the workplace.

99. Defendant failed to provide proper and adequate notification to its employees of their employee rights including the right to work in a workplace free from sexual harassment.

100. By failing to take action, plaintiff sustained damages harms and losses.

## FOURTH COUNT
### (Negligent Retention)

1. Plaintiff repeats the allegations in paragraphs 1 through 100 above as if fully incorporated herein.

101. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that plaintiff's supervisor was sexual harassing employees including the plaintiff.

102. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that plaintiff's supervisor was unfit to supervise the plaintiff or any other employee.

103. Defendant, by and through, its officers, directors, supervisors, managers, agents, and/or employees knew or in the exercise of reasonable care should have known that plaintiff's supervisor had engaged in a pattern and practice of sexual harassment.

104. In light of plaintiff's supervisor's history of sexual harassment, defendant knew or the in the exercise of reasonable care should have known that plaintiff's supervisor should no longer have been retained as an employee.

105. Defendant knew or should have known that plaintiff's supervisor was unfit to supervise the plaintiff and that the unfitness was likely to cause the type of harm suffered by the plaintiff.

106. Despite said knowledge, defendant continued to retain plaintiff's supervisor and thereby causing the plaintiff harm and losses.

## FIFTH COUNT
### (Intentional Infliction of Emotional Distress)

9

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 106 of the Fourth Count as though fully set forth herein.

107. Defendant, by and through its supervisory employee, intended to cause the plaintiff emotional distress.

108. Defendant's conduct was extreme and outrageous.

109. The actions of the defendant did cause the plaintiff to suffer severe emotional distress.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; attorneys' fees; costs; interest; punitive damages; job reinstatement; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 24th day of November, 2020.

*James Sabatini*
James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

*James Sabatini*
James V. Sabatini

A TRUE COPY
ATTEST:
TIMOTHY J. BENNETT
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

11

## **STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is greater than $15,000.00

exclusive of attorneys' fees and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Jacqueline Antunes
**COMPLAINANT**

CHRO No. 2040362

vs.

EEOC No. 16A-2020-01040

Lowes Home Center LLC
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A. Hughes* (signature)

**DATE:** September 1, 2020

Tanya A. Hughes, Executive Director

Service:
Complainant's counsel: jsabatini@sabatinilaw.com
Respondent's counsel: jmcgovern@seyfarth.com