UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACQUELINE ANTUNES, : | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:20-CV-1890 (JCH) |
| | : | |
| v. | : | |
| | : | |
| LOWE'S HOME CENTERS, LLC | : | SEPTEMBER 8, 2022 |
| Defendant. | : | |

**FAILURE TO COMPLY WITH PROCEDURAL REQUIREMENTS OF MOVING FOR SUMMARY JUDGMENT**

The court is in the process of reviewing defendant's Motion for Summary Judgment and the accompanying filings. See Def.'s Mot. for Summary J. (Doc. No. 36); Def.'s Local Rule 56(a)1 Statement of Facts ("Def.'s SOF") (Doc. No. 37); Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Mem.") (Doc. No. 38). While defendant's Local Rule 56(a)1 Statement includes numerous citations to exhibits and supporting material,[1] strikingly, defense counsel neglected to append any of the cited evidence. This failure flatly contravenes both the Federal Rules of Civil Procedure as well as the local Connecticut rules. See Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment ("Materials that are not yet in the record — including materials referred to in an affidavit or declaration — must be placed in the record."); D. Conn. L. Civ. R. 56(a)3 (noting that "[e]ach statement of material fact" offered in a Local Rule 56(a)1 Statement

---

[1] For example, defendant's second undisputed material fact cites "Exhibit 1, Pl. Dep. 19:12-15." Def.'s SOF ¶ 2. The fourth undisputed material fact looks to "Kerpen Dep. 16:22-17:5" for support. Id. at ¶ 4. The citation for the tenth undisputed material fact mentions "Exhibit 5; Exhibit 2, December 3, 2019 email." Id. at ¶ 10. Undisputed material fact number fourteen looks to "Exhibit 6; Exhibit, Plaintiff's Resumé" for support. Id. at ¶ 14.

"must be followed by a specific citation", and that the "affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence <u>shall be filed and served with</u> the Local Rule 56(a)1. . . Statement [ ]") (emphasis added).

On these grounds, the court could have denied the Motion for Summary Judgment by a mere minute entry.  <u>See</u> D. Conn. L. Civ. R. 56(a)3 (highlighting that failure to comply with the rule can result in "an order denying the motion for summary judgment").  However, to prevent harm to their client's interests, defense counsel has **SEVEN (7) DAYS TO FILE EVIDENCE SUPPORTING** their Local Rule 56(a)1 Statement.  Thereafter, plaintiff will have fourteen (14) days to respond, though she is not required to do so.

**SO ORDERED**.

Dated at New Haven, Connecticut this 8th day of September, 2022.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge